IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | | |
|---|---|---|
| J&J SPORTS PRODUCTION, INC., As Broadcast Licensee of the February 25, 2006 Vargas/Mosley event, <br><br>Plaintiff, <br><br>v. <br><br>MARIA SANDOVAL, Individually and d/b/a DESVELADOS RODEO CLUB a/k/a DESVELADOS RODEO DOZ, <br><br>Defendant, | § § § § § § § § § § § § § § | Civil Action No. SA-08-CV-377-OLG |

## MARIA SANDOVAL'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT DOC (21)-(21-2)- (22)-(22-2)-(22-3)-(22-4)-(22-5)

NOW COMES, Maria Sandoval, Individually and d/b/a DESVELADOS RODEO CLUB a/k/a DESVELADOS RODEO DOZ, and makes and files this her Opposition to J&J Sports Production, Inc. Motion for Summary Judgment (Doc 21)-(21-2)-(22)-(22-2)-(22-3)-(22-4)-(22-5), and for same would show unto this Court as follows, to wit:

I

Your Defendant Maria Sandoval and her business establishment all hereinafter referred to as Sandoval, respectfully show unto this Honorable Court that J&J Sports Production, Inc., has gone to great lengths to establish a form for every aspect of cases like this one including Motion for Summary Judgment as well as Discovery. However J&J Sports Production, Inc. has wholly failed to take into account that each individual law suit must be judged on its own merits, and therefore simply putting paperwork together in due order and filing same does not result in a Summary Judgment.

1

J&J Sports Production, Inc., Summary Judgment evidence is lacking in creditability and specificity. For example if the Court examines the affidavits of the individuals that are suppose to have actually visited the premises and observed the fights in question being televised, the Court will find that on close examination said affidavits are not reliable and not creditable. In all three affidavits the same photographs are relied upon. So that for the January 21st fight the photograph taken of the Marquee does not display the Morales/Pacquiao fight, May 6th Mayorga/De La Hoya fight, or the February 25th Vargas/Mosley fight. The wording on the Marquee is as follows: Hoy DJ's para la raza! DJ's Angel y Capu! (English: Today DJ's for our community! DJ's Angel and Capu!). Sandoval has filed an affidavit denying that the Marquee ever displayed any of the fights listed above. Furthermore all of the photographs are identical except the one that has been cropped closer to indicate that it is not the same as the other photograph, when in fact it is. The Court should bear in mind that these photographs are represented to the Court as having been taken on the January 21st date at 10:57 p.m., the February date at 9:29 p.m., and the May 6, 2006, date at 10:28 p.m. J&J Sports Production, Inc., and their affiants have neglected to remember that on all of those dates, at all of those times it would be dark, and such photographs could not be taken. Therefore it is obvious that the Court should totally disregard that portion of the three affidavits in the Summary Judgment, due to witnesses not being creditable.

## II

Close examination of the affidavits attached as exhibits to the Motion for Summary Judgment will show that they are defective, and that in one case the affidavit is incomplete and does not have all of the required information for an affidavit such as it purports to be.

## III

Sandoval has stated very clearly in her affidavit that all of the televisions in the Desvelados Rodeo, business do not have satellite or cable connections and never has had either. Desvelados Rodeo Club, has no receiver or unscrambler for such cable or satellite transmission to be broadcast within its premises.

2

## IV

J&J Sports Production, Inc. would have the Court believe that the Sandoval was charging a ten dollar ($10.00) cover charge for observing the alleged televised events. In truth, and in fact, Sandoval charges a cover charge or fee at the door for admission every Friday, Saturday, sometimes on Thursday, and Sunday depending if they had a live band scheduled. The normal and usual customary cover charge or door fee at Desvelados Rodeo is ten dollars $10.00) except on the nights when a live band is playing, then the cover charge or door fee is twenty dollars ($20.00).

While Defendant Sandoval may not have been at the location (Desvelados Rodeo) on the nights in question in January, February, and May 2006, that does not mean that she had surrendered control of the premises and did not know what was going on at the premises. As owner and operator she was well aware of the day to day operations and would have know if someone had either strung a cable wire and attached it to an unscrambler or receiver, and likewise she would have know if someone would have installed a satellite dish and receiver or unscrambler, and she has denied that such has occurred. Thus it is absolutely false and impossible for the sporting events alleged by the J&J Sports Production, Inc. to have been shown at Desvelados Rodeo on the dates alleged in questions. For example on May 6, 2006, a very good night for Desvelados Rodeo there was a live band playing, and the cover charge was twenty dollars ($20.00) a person, and not ten dollars($10.00) as stated in the affidavits in question. On that particular night with the band playing the club grossed four thousand eight hundred seventy dollars ($4,870.00).

Therefore conceding everything stated in the Motion for Summary Judgment, except the credibility of the supporting affidavits, your Plaintiff says that there is a disputed issue of fact as whether or not the three alleged television events in question were actually displayed in her place of business.

## CONCLUSION

In conclusion your Defendant Sandoval would show unto this Honorable Court that she subscribes to the legitimate purposes of the telecommunication statues, and anti piracy statue, and says that while she agrees with the policy of the law, she has not been in violation of same, and that to enter a Summary Judgment when she has stated that she has personal knowledge that said events were not televised in her establishment would be a gross miscarriage of justice.

## PRAYER

WHEREFORE PRMISES CONSIDERED, Defendant prays that upon presentation and hearing hereof, this Honorable Court in all things Grant her Opposition to Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

Rutherford & Rutherford PLLC
923 S. Alamo, Ste 2
San Antonio, Texas 78205
Telephone: (210) 225-4200
Facsimile: (210) 225-4495

By: _____
Daniel R. Rutherford
SBN: 17450000

### Certificate of Service

This pleading was served in compliance with the Federal Rules of Civil Procedure on the 18 day of August, 2009, via electronic transmission on the following counsel:

Andrew R. Korn
Korn, Bowdich & Diaz, LLP
4221 Avondale Ave.
Dallas, Texas 75219
(214) 521-8800
(214) 521-8821 (Facsimile)

_____
Daniel R. Rutherford

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | |
|---|---|
| J&J SPORTS PRODUCTION, INC., As Broadcast Licensee of the February 25, 2006 Vargas/Mosley event,<br><br>Plaintiff,<br><br>v.<br><br>MARIA SANDOVAL, Individually and d/b/a DESVELADOS RODEO CLUB a/k/a DESVELADOS RODEO DOZ,<br><br>Defendant, | §§§§§§§§§§§§§§   Civil Action No. SA-08-CV-377-RF |

**AFFIDAVIT**

STATE OF TEXAS      §

COUNTY OF BEXAR   §

Before me the undersigned authority personally appeared "Maria Sandoval" Individually and d/b/a DESVELADOS RODEO CLUB a/k/a DESVELADOS RODEO DOZ, and after being duly sworn and cautioned makes the following affidavit:

My name is Maria Sandoval, and I am currently a one half owner of Desvelados Rodeo Club a/k/a Desvelados Rodeo Doz. I owned 100% of same until August 2008, when I conveyed a 50% interest to my husband Juan Sandoval. Since that time we have operated the club. I make this affidavit from personal knowledge and all of the statements contained herein are true and correct. I gained all of my personal knowledge from the fact that I am the owner and operator of Desvelados Rodeo. Further I base all my statements upon my knowledge of the day to day operations as well as the physical condition of the property and premises which I have personally observed. I have personally gone upon the roof of the building, and I have examined all upper fascia boards, and I have identified all of the electric or electrical type wiring coming to the building from any and all utility poles.

Based upon the above and foregoing I state that at no time has a cable or television cable ever been attached to this building at any time since I have been the owner or operator of the business. I know this because I have looked for all possible signs of such a cable having been run to the building and/or attached to the building then enter the lower portion of the building through the roof or down the side of the building through the wall. Further at no time since I have been the owner or operator of this building has there ever been a satellite dish or satellite signal receiver ever mounted or attached to the roof, or side of this building. I have personally searched for such connections or evidence of previous connections for said satellite receiver and I have found no evidence of where one once was but has been removed, and I have never found one existing on the building whether it be the roof or the sidewall. I have never had a satellite receiver or unscrambler inside the building of Desvelados Rodeo Club. We have never had the Marquee or sign that announced we were going to publish any sporting events. All of the Photographs are identical and appear to me to have been taken at the same exact time from the same exact angle, and on the same exact day at the same exact time, none of which were taken after dark in January, February, May, of 2006.

We normally charge ten dollars ($10.00) cover charge on Friday, and Saturday, sometime Thursday and Sunday. However if we have a live band on any of these days we charge a twenty dollar ($20.00) cover charge. On May 6, 2006, we had a live band, and the nightly cover charge was twenty dollars ($20.00), and not ten ($10.00) dollars as stated in the affidavits in the Motion for Summary Judgment. For someone to have broadcast the three alleged events in question it would require that they bring a portable satellite receiver truck to the place of business, and then run a satellite cable over ground and in through the front door to one television near the bar. This would have been inpractable if not impossible. Certainly it would not attract any customers to the club and surely the auditors would have seen such "rig up" and photographed same at the time.

I have never violated the Federal Law as alleged by J&J Sports Production, Inc., and I have never pirated a cable or satellite transmission of a sporting event during the year 2006, or any other year, nor has anyone done so on my behalf, or at my request or with my acquiesce.

_____
Maria Sandoval

6

Before me the undersigned authority on this day personally appeared Maria Sandoval known to me to be the person whose name is subscribed to the above and foregoing instrument and after being duly sworn and cautioned as to the penalties of perjury upon to her oath stated and says that everything stated above is true and correct.

Given under my hand and seal of office this the 13 day of August 2009.

_____
Notary Public of State of Texas

[Notary Seal: TAMMY GONZALEZ RAMIREZ, Notary Public, State of Texas, Expires 03-22-2011]

7